IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ADRIAN THADDEUS WILSON, PRO SE, | § | |
| TDCJ-CID No. 1207116, | § | |
| Previous TDCJ-CID No. 807295, | § | |
| Previous TDCJ-CID No. 913340, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0119 |
| | § | |
| WILBUR L. KEMPH, COURTNEY B. KING, | § | |
| STEVE R. CANTU, BRANDON J. HARRIS, | § | |
| GARRETT E. ROCKHOLT, and | § | |
| G. S. DAVID, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff ADRIAN THADDEUS WILSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff states that, on or about April 6, 2013, he had a dispute with an Officer Klein which caused plaintiff to be placed in handcuffs and taken to pre-hearing detention. Plaintiff alleges that, on the way to prehearing detention, defendant Sgt. KING ordered defendants KEMPH, CANTU, HARRIS, and ROCKHOLT to take plaintiff down for no reason and that they then proceeded to beat, stomp, and kick him for no reason. Plaintiff says he was given a disciplinary case for trying to kick the officers, but denies he attempted to do so. Plaintiff lost no good time as a result of the disciplinary case.

Plaintiff alleges he was confined in prehearing detention without food or water for several days and was told his water was turned off so he couldn't flood the cell. Plaintiff says he was not

given food on orders from defendant Captain KEMPF and that his water was not turned on periodically so he could drink.

Plaintiff complains that defendant DAVID answered plaintiff's Step 1 grievance as if he didn't care that plaintiff had been beaten or was being starved. Plaintiff makes no mention in that grievance of any deprivation of water.

Plaintiff requests preliminary and permanent injunctive relief in the form of an order that defendants stay away from him, as well as an award of $150,000.00 compensatory damages and $200,000.00 punitive damages against each defendant, jointly and severally, and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

dismissed.

## THE LAW AND ANALYSIS

Plaintiff's entire complaint against defendant DAVID is that he responded as if he didn't care that plaintiff had been beaten or was not being fed.  Plaintiff made no mention of being deprived of water in his grievance.  Defendant DAVID's response to plaintiff's grievance was as follows:

> Your complaint has been investigated and reviewed.  A copy of your grievance has been included with Use of Force Report #MA-01868-04-13 for further review.  This office will take no further action.

The narrowing of prisoner due process protection announced in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved.  Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima.  *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Since plaintiff has no constitutionally protected right to have his grievance investigated and resolved to his liking, plaintiff's claim against defendant DAVID lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil

Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff ADRIAN THADDEUS WILSON against defendant G.S. DAVID be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of September, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).